**Opinion issued November 17, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

NO. 01-13-00944-CR

NO. 01-13-00945-CR[1]

———————————

**GABRIEL PALACIOS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from 338th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1360054 & 1360055**

---

## MEMORANDUM OPINION

A jury convicted appellant, Gabriel Palacios, of the first-degree felony

offense of aggravated sexual assault of a child under the age of fourteen, and of the

---

[1] Appellate cause no. 01-13-00944-CR; trial court cause no. 1360054.
Appellate cause no. 01-13-00945-CR; trial court cause no. 1360055.

second-degree felony offense of indecency with a child by touching, with the separately-indicted cases consolidated for trial. *See* TEX. PENAL CODE ANN. §§21.11(a)(1), (c), (d), 22.021(a)(1)(B)(ii), (a)(2)(B), (e) (West Supp. 2014). Following a punishment hearing, the trial court assessed appellant's punishment at twenty-five years' confinement for the conviction of aggravated sexual assault of a child under the age of fourteen, and ten years' confinement for the conviction of indecency with a child, to be served concurrently. Both sentences are within the applicable sentencing ranges. *See id.* §§ 12.32(a), 12.33(a) (West Supp. 2014). Appellant timely filed a combined notice of appeal for both cases.

Appellant's appointed counsel on appeal has filed a combined motion to withdraw, along with a combined *Anders* brief stating that the records present no reversible error and that, therefore, these appeals are without merit and are frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying this Court with references to the record and legal authority. *See id.* at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that she has thoroughly reviewed the records and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Appellant's counsel has informed us that she has delivered a copy of the motion to withdraw and *Anders* brief to appellant and informed him of his right to file a response after getting access to the records. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Furthermore, a copy of the records in each appeal has been sent to appellant for his review to prepare a response. *See Kelly v. State*, 436 S.W.3d 313, 322 (Tex. Crim. App. 2014). Appellant has not filed any response to his counsel's *Anders* brief.

We have independently reviewed the entire records in these combined appeals, and we conclude that no reversible error exists in the records, that there are no arguable grounds for review, and that therefore these appeals are frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court— and not counsel—determines, after full examination of proceedings, whether the appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005); *Mitchell*, 193 S.W.3d at 155. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 n.6.

Accordingly, we affirm the judgments of the trial court in both trial court cause numbers, and grant counsel's motion to withdraw in both appellate cause

3

numbers.[2]  Attorney Deborah Summers must immediately send the required notice and file a copy of that notice with the Clerk of this Court.  *See* TEX. R. APP. P. 6.5(c).  We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Massengale, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[2]    Appointed counsel still has a duty to inform appellant of the result of these appeals and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals.  *See Bledsoe*, 178 S.W.3d at 826–27.